JUSTIN M. PENN (SBN 302350)
HINSHAW & CULBERTSON LLP
151 N Franklin Street, Suite 2500
Chicago, IL 60606
Telephone:    312-704-3000
Facsimile:     312-704-3001
jpenn@hinshawlaw.com

Attorneys for Defendants SECURTEST, INC.

UNITED STATE DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of the putative class,<br><br>Plaintiff,<br><br>v.<br><br>SECURTEST, INC.; SECURE PROTECTION SERVICES, INC., and DOES 1-10 inclusive,<br><br>Defendants. | Case No.<br><br>State Case No.: RG 18921867<br><br>**DEFENDANT SECURTEST, INC.'S NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1441, 1446]**<br><br>Courtroom:<br><br>Removed:   December 5, 2018 |

**TO:    JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Defendant, SecurTest, Inc. ("Defendant"), by and through its attorney Justin M. Penn, gives its Notice of Removal pursuant to 28 U.S.C. § 1441(a) and 1446, and in support thereof, states as follows:

1.     On September 21, 2018, Plaintiff filed a complaint against Defendant in the Superior Court of Alameda County.  A copy of the summons, civil cover sheet, and complaint are attached hereto and incorporated herein by reference as Exhibit A.

2.     On November 6, 2018, process was served on Defendant.

3.     A copy of the above-mentioned summons, civil cover sheet, and complaint constitute a true and correct copy of the documents filed and served on Defendant. This is the only

pleading filed in the underlying case to the best of Defendant's knowledge is the only pleading or order served on Defendant.

4. This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the complaint upon any defendant. 28 U.S.C. § 1446(b)(1).

5. 28 U.S.C. §1441(a) provides as follows:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. United States District Court for the Northern District of California has jurisdiction over the Plaintiff's claim due to the fact that the allegations contained in his complaint arise under the Constitution, laws or treaties of the United States.  28 U.S.C. § 1331.

7. Specifically, in the complaint, Plaintiff alleges that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"). (Ex. A.)

8. The FCRA is a federal statute, and thus claims for violations of the FCRA are removable.

9. To the best of Defendant's knowledge, the codefendant has not yet been served.

WHEREFORE, Defendant, Securtest, Inc., respectfully requests that this case proceed in this Court as an action properly removed.

HINSHAW & CULBERTSON LLP

DATED:   December 5, 2018

By:
*s/Justin M. Penn*
Justin M. Penn
Attorneys for Defendants SECURTEST, INC.

# CERTIFICATE OF SERVICE

*John Doe v. Securtest, Inc., et al.*

I am a citizen of the United States and employed in Illinois, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18; my business address is 151 N. Franklin Street, Suite 2500, Chicago, IL 60606.

On December 5, 2018, I served the document(s) entitled, **DEFENDANT'S NOTICE OF REMOVAL**, on the interested parties in this action by placing trust copies thereof enclosed in a sealed envelope(s) addressed as stated below:

> Devin Fok
> DHF Law, PC
> 16 North Morengo Avenue
> Suite 403
> Pasadena, CA 91101

☒ **(BY MAIL)**: I deposited such envelope in the mail at Chicago, IL with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Chicago, IL, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL)**: I deposit such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at San Francisco, California.

☒ **(BY ELECTRONIC MAIL)**: By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☐ **(BY CM/ECF SERVICE)**: I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on December 5, 2018.

Executed on December 5, 2018.

*s/Justin M. Penn*
Justin M. Penn