UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGMON HAWKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SECURTEST INC, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-07344-RS<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Regmon Hawkins[1] seeks preliminary approval on behalf of himself and a proposed class of individuals who allegedly did not receive appropriate written disclosure that they would be subject to background checks when applying for employment with defendant Pacific Protection Services, Inc. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 8, 2022, is vacated. The motion is denied.

The proposed settlement calls for defendants to pay $100,000 into the settlement fund, from which attorney fees awarded by the court and administrative expenses will be deducted prior to distribution to the approximately 1500 members of the proposed class. Counsel will be seeking $25,000 in fees (the Ninth Circuit benchmark) and administrative costs are estimated to be around

---

[1] Prior to seeking preliminary settlement approval, Hawkins identified himself in all filed pleadings only as "John Doe."

$27,000. If the full fee request is granted, the funds remaining for distribution likely will be around $48,000, or just over $30 per class member.[2] Although the statutory penalties available for the alleged wrongdoing range from $100 to $1000, it is not unreasonable for Hawkins to predict that recovery at trial would likely be towards the lower end of that range. As such, the dollar amount of the proposed settlement fund would support at least preliminary approval, and likely would be adequate for final approval.

The settlement agreement, however, also provides that defendants will pay an additional $50,000 to Hawkins individually, "as consideration for his acting as Named Plaintiff in the Litigation and to resolve his individual claims, and as consideration for the general release he is giving Defendants pursuant to othis [sic] Settlement Agreement." Representative plaintiffs are generally permitted to receive "incentive" or "service" awards. Furthermore, as the settlement agreement recites, Hawkins will be giving defendants a broader release than will other members of the proposed class. Nonetheless, $50,000 is equal to *half* of the amount that is designated as the recovery of the class, and *more* than the amount that likely will be available for distribution after deducting attorney fees and administrative expenses.

Hawkins' motion asserts:

> Plaintiff's claims are identical to the claims of every other Class member, and are based upon the same legal theory. When every member of the Class, including Plaintiff, suffered the same FCRA violation based upon being presented with the same language during the job application process, it is manifestly clear that Plaintiff's claims are typical . . . .
>
> [T]he named plaintiff and his counsel have no conflicts of interest with the class . . . .
>
> He understands what it means to be a class representative and will put the interests of the class first in making all decisions related to this case.

---

[2] Depending on how many persons file claims, each payout could be higher, of course.

CASE NO. 18-cv-07344-RS

2

To the extent the $50,000 is intended to compensate Hawkins for his "individual" claims, he has disavowed having claims that differ from or exceed those of the other members of the proposed class, and he certainly has not identified what any such claims would be, or their potential value. Furthermore, if Hawkins believes he holds other or additional claims with a settlement value that is fully half the total amount that is reasonable to settle the claims of the approximately 1500 other members of the proposed class, then he would be hard pressed to argue his claims are typical of those of the class or that he has no potential conflict with the class.

The settlement reveals that defendants are willing to pay at least $150,000 to settle this matter. Defendants, of course, have no interest in how that money is divided up. By arrogating to himself a full third of the total sum defendants have agreed to pay, Hawkins has presented a settlement that cannot qualify for even preliminary approval.

**IT IS SO ORDERED**

Dated: December 2, 2022

_____
RICHARD SEEBORG
Chief United States District Judge