UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGMON HAWKINS,

    Plaintiff,

    v.

SECURTEST INC, et al.,

    Defendants.

Case No. 18-cv-07344-RS

**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This proposed class action settlement, now in its second iteration, remains deeply flawed. Plaintiff Regmon Hawkins seeks preliminary approval on behalf of himself and a proposed class of individuals who allegedly did not receive appropriate written disclosures for background checks procured for employment purposes pursuant to the Fair Credit Reporting Act (FCRA). *See* 15 U.S.C. § 1681b(b)(2). The proposed settlement purports to distinguish itself from its predecessor by conditioning Defendants' payment of a $50,000 settlement to Hawkins to resolve Hawkins' individual claims on this Court's approval of the $100,000 class settlement. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 14, 2023, is vacated. The motion for preliminary approval is denied.

The proposed settlement fails to resolve the fundamental conflict of interest between Hawkins as class representative and the other members of the class highlighted in this Court's previous denial of preliminary approval. *See* Dkt. 56, Order (Dec. 2, 2022). If anything, the proposed settlement exacerbates Hawkins' conflict of interest with the class by more clearly conditioning settlement of Hawkins' individual claims on resolution of the class claims. Under the proposed

settlement, Hawkins receives $50,000 (and, now, an additional $5,000 service award) only upon approval of the $100,000 class settlement. The addition of an incentive award for Hawkins means each of the approximately 1,579 class members now receives approximately $3 less than they did under the previous proposed settlement agreement.[1] Though Hawkins explains how his individual claims differ from the class claims, the fact remains that he stands to recover a huge percentage of the total amount Defendants are willing to spend to settle this case. Hawkins would receive slightly more than $55,000 from settlement approval (he also would recover his pro rata share of the class settlement), which is 36% of the $150,000 Defendants are willing to pay in total. *See Johnson v. Rausch, Sturm, Israel, Enerson & Hornik, LLP*, 333 F.R.D. 314, 318–19 (S.D.N.Y. 2019) (finding class representative's interests antagonistic to class members' interests where class representative would receive $1,000 upon settlement approval based on potential statutory damages while each class member would receive as little as $5.01).

The newly proposed $5,000 incentive award also raises eyebrows. It is roughly 208 times the average predicted recovery per class member, constitutes 5% of the total settlement fund, and constitutes 12% of the settlement fund after attorney fees and costs and settlement administration costs are covered. *See, e.g.*, *Chavez v. Lumber Liquidators, Inc.*, No. 09-cv-4812, 2015 WL 2174168, at *4–5 (N.D. Cal. May 8, 2015) (rejecting proposed settlement where incentive award was 37 times greater than average class member recovery and 7% of total settlement fund). This is not to say the $5,000 award alone renders preliminary approval inappropriate. Indeed, the adequacy issue raised by Hawkins' settlement of his individual claims is more troubling. It is merely to point out one way in which the new proposed settlement is *more* problematic than the first proposed settlement.[2]

---

[1] Each class member now stands to recover about $23, down from $26 in the previously proposed settlement.

[2] The proposed settlement appears deficient on at least one other front, as it seems to release all class members' claims arising under both the FCRA *and* the Investigative Consumer Reporting Agency Act (ICRAA). *See* Dkt. 71, at 6–7; Dkt. 71-5, at 15–16. It is not clear, however, why class members would be unable to seek statutory damages under the ICRAA in individual actions. This Court has insufficient information to determine whether $23 per class member is fair, reasonable,

In short, preliminary approval is inappropriate here because there is significant reason to doubt that Hawkins is an adequate representative of the 1,579 members of the FCRA disclosure class. Hawkins' clear financial incentive is to fight for approval of the proposed class settlement regardless of how much (or little) each individual class member stands to receive. Accordingly, the motion for preliminary approval is denied.

**IT IS SO ORDERED**.

Dated: November 29, 2023

_____
RICHARD SEEBORG
Chief United States District Judge

---

and adequate where each class member is giving up their potential claims under the ICRAA for apparently no consideration. *See, e.g.*, *Cunha v. Chico Produce, Inc.*, No. 17-cv-597, 2019 WL 12875982, at *6 (N.D. Cal. June 25, 2019).